**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,
        Plaintiff

                               Case No. 1:07cv0875
   vs                         (Beckwith, J; Hogan, M.J.)

REAL PROPERTY KNOWN AND
NUMBERED AS 2621 BRADFORD DRIVE,
MIDDLETOWN, BUTLER COUNTY,
OHIO, WITH ALL APPURTENANCES,
IMPROVEMENTS, AND ATTACHMENTS
THEREON,
        Defendants

**REPORT AND RECOMMENDATION**

      This matter is before the Court on the United States' Motion for Default Judgment. (Doc. 12). The United States filed a verified Complaint for Forfeiture in Rem on October 18, 2007 (Doc. 1). This is a civil action in rem brought to enforce 21 U.S.C. § 881(a)(7), which provides for the forfeiture of:

> All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

      On October 22, 2007, the Court recognized the jurisdiction it had over the Defendant when it issued the Writ of Entry. (Doc. 2). The United States Marshals Service conducted the post and walk on the Defendant on December 6, 2007. (Doc. 7).

      Pursuant to Rule G(4)(b)(i) and (ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is required to send Direct Notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B). The Direct Notice instructs the potential claimant or the potential claimant's attorney of the date the notice was sent; the deadline for filing a claim, at least thirty-five days after the Direct Notice was placed in the mail or thirty days after the final publication of this action; that an answer or a motion under Rule 12 must be filed no later than 20 days after filing

the claim; and the name of the United States Attorney to be served with the claim and answer. The Direct Notice must be sent by means reasonably calculated to reach the potential claimant.

On November 26, 2007, the United States filed a Certificate of Service notifying this Court that it had sent Direct Notice and a copy of the complaint by certified mail to The Virginia Gail Franz Trust, c/o Virginia Gail Franz, 5962 Weidner Road, Springboro, Ohio 45066 on October 18, 2007 and Jon Franz, 2621 Bradford Drive, Middletown, Ohio 45044 on November 14, 2007. (Doc 5).

On November 14, 2007, the Virginia Gail Franz Trust filed a claim to the Defendant. (Doc. 4). On January 7, 2008, the Trust filed an answer to the United States' complaint. (Doc. 9). Discovery is currently ongoing between the United States and the Trust.

The United States published notice of this civil forfeiture action in the <u>Cincinnati Court Index Press</u>, a newspaper of general circulation in the Southern District of Ohio on November 21, 2007, November 28, 2007, and December 5, 2007. (Doc. 6).

As of December 19, 2007, Jon Stephen Franz has not filed a claim to the Defendant or an answer to the United States' Complaint for Forfeiture in Rem.
As of January 4, 2008, which is 30 days from the last date of publication, no other person has filed a claim or answer and the time to do so has expired.

On January 11, 2008, the Clerk of this Court entered a default against Jon Stephen Franz and all other persons and entities who might have an interest in the defendant property, except the Virginia Gail Franz Trust, for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. 11).

Therefore, the United States requests that the Court enter a Default Judgment, pursuant to Fed. R. Civ. P. 55(b)(2), against Jon Stephen Franz and against all other persons and entities having an interest in the Defendant, excluding the Virginia Gail Franz Trust and PHH, for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The procedure governing the entry of default and default judgment is set forth in Fed. R. Civ. P. 55, which provides in pertinent part:

a)    Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b)    Judgment. Judgment by default may be entered as follows: (1) By the

Clerk.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

While default judgments may generally be disfavored when compared with the Court's interest in resolving a case on the merits, "[d]efault procedures, of course, provide a useful remedy when a litigant is confronted  by an obstructionist adversary." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). *See also D'Orange v. Feely*, 101 F.3d 1393 (unpubl.), 1996 WL 446254, at *2-4 (2d Cir. Aug. 8, 1996)(district court's entry of default judgment after hearing on amount of damages upheld where Defendant attorney failed to timely answer, failed to cooperate in discovery and failed to attend hearing on motion for default judgment); *Comdyne I, Inc. v Corbin*, 908 F.2d 1142, 1146-47(3d Cir. 1990)(district court's entry of default judgment upheld on appeal where Defendant failed to answer amended complaint, repeatedly failed to comply with court's discovery orders and orders imposing sanctions, and failed to participate in hearing on appropriate amount of damages after default judgment was granted as to liability).

After a default or default judgment has been entered, Fed. R. Civ. P. 55(c) grants the litigant the right to petition the Court to set aside either the default or the judgment.  The decision whether to set aside an entry of default or default judgment is within the Court's discretion. *INVST Financial group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987); *Johnson v. City of Detroit*, 892 F.2d 79 (unpubl.), 1989 WL 153550, at *2 (6th Cir. Dec. 20, 1989); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  The Court's exercise of its discretion should be based on its assessment of the circumstances and facts of the case and the credibility and good faith of the parties. *Enron*, 10 F.3d at 95.  An entry of default may be set aside for good cause shown whereas a default judgment may be set aside only as provided for in Fed. R. Civ. P. 60(b).  Fed. R. Civ. P. 55(c).  In addition, the Court must consider three factors in determining whether to set aside the default entry or judgment under either Fed. R. Civ. P. 55 or 60: (1) whether the Plaintiff will be prejudiced; (2) whether the Defendant has a meritorious

3

defense; and (3) whether culpable conduct of the Defendant led to the default. *INVST*, 815 F.2d at 398; *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 192.

In the present case, it appears that Plaintiff's Motion for Default Judgment under Fed. R. Civ. P. 55(b)(2), is well-taken with respect to Jon Stephen Franz and all other persons and entities who might have an interest in the defendant property, except the Virginia Gail Franz Trust and PHH, for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. However, the Court notes that on January 11, 2008, the Clerk of this Court entered a default against Jon Stephen Franz and all other persons and entities who might have an interest in the defendant property, excluding the Virginia Gail Franz Trust, but including PHH. (Doc. 11). Thereafter, on February 1, 2008, the United States filed a settlement agreement with PHH Mortgage Corporation ("PHH"), in lieu of PHH filing a claim to the Defendant or an answer to the United States' Complaint for Forfeiture in Rem. This settlement agreement resolves PHH's interest in the Defendant. (Doc. 13). In light of the settlement agreement between the United States and PHH, the Court finds good cause exists to set the default entry aside with respect to PHH, pursuant to Fed. R. Civ. P. 55(c).

## IT IS THEREFORE RECOMMENDED THAT:

1) The Entry of Default (Doc. 11), as it pertains to PHH Mortgage Corporation, be set aside;

2) Plaintiff's Motion for Default Judgment (Doc. 12) be **GRANTED** with respect to Jon Stephen Franz and all other persons and entities who might have an interest in the defendant property, excluding the Virginia Gail Franz Trust and PHH, for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

Date: 2/6/08

Timothy S. Hogan
United States Magistrate Judge

4

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

J:\SMITHLE\DEFAULT\franz.default.wpd